JOHN F. REAMS, APPELLANT, V. GEORGE CLOPINE, SR., ET AL., APPELLEES.

FILED JANUARY 5, 1907. No. 14,534.

Waters: ACTION: DEFENSE. In an action against mere trespassers for damages to land occasioned by their release of water from an artificial ditch, the fact that the plaintiff was not the owner of the land on which the ditch was maintained and had no easement therein is no defense.

APPEAL from the district court for Franklin county: ED L. ADAMS, JUDGE. Reversed.

*G. M. Caster,* for appellant.

*J. P. A. Black* and *Dorsey & McGrew, contra.*

JACKSON, C.

The action is for damages claimed by the plaintiff because of the wilful acts of the defendants in releasing the waters from a drainage ditch, causing an overflow on the plaintiff's land and the destruction of his crops. A general demurrer to the plaintiff's petition was sustained, and the plaintiff appeals.

The appellees justify the judgment of the trial court upon four specific grounds, as follows: "First. There is no averment that the appellees, or either of them, ever owned or had title in or to any of the land on which the ditch is alleged to have been located, nor is it alleged who owned the land in section 2, on which a portion of the ditch was located, at the time of the commencement of this action, or since the year 1901. Second. The appellant being the lower proprietor, no easement by adverse user can be claimed by him in a ditch located entirely outside his land, on the upper or dominant estate; and he cannot complain of the obstructions placed in the ditch that result simply in restoring the flow of the water to its natural course over his land. Third. The allegations of the petition are insufficient to set up a prescriptive right in appellant to the ditch in question, because there is no averment that the user claimed by him was with the knowledge and acquiescence of the owner or owners of the land through which the ditch ran, or was adverse to them. Fourth. It is not alleged that the appellees acted in an unreasonable manner or with negligence."

If we assume that the first three objections would be available to the owner of the land on which the ditch is located, which we do not determine, it would not follow that the petition stated no cause of action against the defendants, who, in so far as the record discloses, are

mere trespassers. In fact, they assume that attitude in the presentation of the case. Nor is it important, as claimed by the appellees, that the owners of the title are not parties to the action. A judgment favorable to the appellant against the appellees would not determine the rights of the owners of the title and they would in no respect be bound thereby.

As to the fourth objection, it is charged in the petition that the defendants, without the consent and against the command of the plaintiff, dammed up the ditch in different parts, obstructing the flow of water, and caused the overflow resulting in the damages. The charge is sufficient to show a wilful act on the part of the defendants, for which they would be liable.

We are of the opinion that the district court erred in sustaining the demurrer, and we recommend that the judgment be reversed and the cause remanded for further proceedings according to law.

Duffie and Albert, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the trial court is reversed and the cause remanded for further proceedings according to law.

Reversed.