HANS CHRISTENSEN, APPELLEE, v. OMAHA ICE & COLD STORAGE COMPANY, APPELLANT.

FILED NOVEMBER 1, 1912.   No. 16,784.

1. Waters: DRAINAGE: ACTION FOR DAMAGES. It is the duty of one who uses, maintains and controls a ditch for the purpose of lowering the waters of a lake or pond to a navigable river to erect and maintain a dam at the outlet of the ditch sufficient to prevent the flood-waters of the river from entering it and overflowing the lands owned by other persons adjacent thereto.

2. ——: ——: ——. Where such dam is negligently constructed or maintained, and by reason thereof farm lands in the vicinity of the ditch are overflowed, and crops growing and personal property situated thereon are injured and destroyed, the person or corporation having the control, management and use of such ditch and dam is liable for the damages caused thereby.

3. ——: ——: ——: LIMITATIONS. In such a case, the cause of action arises when the damages are sustained.

4. ——: ——: ——: DEFENSES. The fact that the ditch and dam are situated upon lands owned by persons other than the defendant is no defense to such an action, where it is shown that defendant freely exercises the use, control, operation and management thereof in the prosecution of his own private business.

5. Instructions. The substance of instructions given and refused by the trial court are stated in the opinion, and the rulings thereon are *held* to be without error.

APPEAL from the district court for Douglas county: HOWARD KENNEDY, JUDGE. *Affirmed.*

*Brown, Baxter & Van Dusen,* for appellant.

*Benjamin S. Baker* and *S. A. Searle, contra.*

BARNES, J.

Action by plaintiff, the lessee of a tract of farm land situated between what is known as Cut-off lake and the Missouri river near to and east of the city of Omaha, for damages to his growing crops and personal property caused by the flood-waters of the river alleged to have been thrown upon the premises by failure of the defendant to properly maintain a ditch leading from the lake to the river for drainage purposes, and a dam constructed therein to prevent the flood-waters of the river from flowing from that stream into the lake. On the trial in the district court for Douglas county the plaintiff had the verdict and judgment, and the defendant has appealed.

It appears that about the year 1898 David Talbot and E. W. Lamoreaux, who were the incorporators of the defendant company, were conducting the business of cutting and storing ice on the banks of Cut-off lake; that at times of high water in the lake their ice houses were partly submerged, and the ice stored therein was destroyed; that, to obviate that trouble, they constructed a ditch in an

easterly direction from the lake to the Missouri river, and cut the same through the high bank of that stream, which had theretofore been a safe and sure barrier to its flood-waters, and had prevented them from reaching the land between the river and the lake; that when the water in the river was low the ditch drained the lake and lowered the stage of the water sufficiently to protect the ice houses above mentioned; that when that purpose was accomplished a dam was constructed across the ditch near its mouth sufficient to prevent the flood-waters of the river from entering the ditch in question; that when it again became necessary to lower the water in the lake the ditch was cleaned out and the dam removed, and when the lake was sufficiently lowered the dam was replaced. It also appears that the defendant was incorporated in December, 1901, and took over the property rights and business of the former owners, who were thereafter members, officers and managers of the corporation; that from thence to and including the year 1905 the defendant company conducted its business in relation to the management of the ditch and dam above described in the same manner as it had theretofore been conducted; and there is sufficient evidence in the record to sustain a finding that the defendant had frequently cleaned out the ditch, taken out the dam, drained the lake, and thereafter on each occasion had replaced that structure. It also appears that in July, 1905, the flood-waters of the Missouri river, by reason of the negligent reconstruction and maintenance of the dam, broke through and washed away that structure, and flowed back through the ditch in such volume as to overflow its banks and flood the plaintiff's premises, destroying his growing crops, together with a large amount of his personal property.

1. It is strenuously argued that the evidence is not sufficient to sustain the judgment because it does not show that defendant reconstructed the dam at the outlet of the ditch in question in the year 1904. In disposing of this contention, it is sufficient to say that the evidence clearly

shows that the defendant company cleaned out the ditch and used it to drain the lake in 1903 and 1904. To do this necessarily required the removal of the dam. It appears that it was negligently replaced by some one; and, in any event, it was the plain duty of the defendant to reconstruct it in such a manner as to protect the lands adjacent to the ditch from inundation by the flood-waters of the Missouri river. A failure to perform that duty rendered defendant liable for resulting damages.

2. It is also contended that defendant was not the owner of the land through which the ditch was dug and on which the dam was constructed, but was a trespasser thereon, and therefore it was not liable for its failure to properly maintain the ditch and reconstruct the dam after using them for the protection of their ice houses. We find nothing in the record showing, or tending to show, that defendant was denied the right to construct the ditch and dam in question by the owner or owners of the land on which they were situated. But, on the contrary, it appears that defendant has at all times exercised the right to enter upon the premises when it became necessary to do so for the protection of its own property. If defendant could exercise such right, it necessarily assumed the duty of so exercising it as not to thereby injure the property of others. We are therefore of opinion that this contention cannot be sustained. *Reams v. Clopine,* 78 Neb. 166.

3. It is also contended that the right of action, if any existed for defendant's acts, accrued when the ditch was dug and the dam was first constructed in 1898, and was therefore barred by the statute of limitations. This defense was not pleaded, and, if it had been made an issue, could not have been maintained. The action was not one for permanent injury to the land, leased by plaintiff, but was one for damages to his growing crops and personal property, caused by the negligent reconstruction and the maintenance of the ditch and dam; and the plaintiff's right of action accrued when his property was injured and de-

stroyed. *Chicago, R. I. & P. R. Co. v. Andreesen,* 62 Neb. 456. In that case it was said: "The right to damages for an obstruction of a stream by an insufficient culvert or drain does not accrue when the railroad is built, but when the overflow actually results."

4. The defendant requested the district court to instruct the jury, in substance, that there was no evidence that the David Talbot Ice Company, which constructed the ditch and dam in question, sold or transferred any right thereto or therein to the defendant; that there was no evidence produced as to who were the associates of David Talbot; that they having constructed the ditch and dam in 1898, some years before the organization of the defendant company, the defendant could not be held responsible for the acts of David Talbot and his associates in digging the ditch in question.

For the reasons heretofore stated, it is apparent that the court did not err in refusing defendant's instructions. It seems equally clear that the district court properly refused to instruct the jury to return a verdict for the defendant at the conclusion of all of the evidence.

5. It is contended that the court erred in giving paragraph four of the instructions upon his own motion. An examination of that instruction discloses that it fairly and clearly stated the issues presented by the pleadings, and informed the jury that, if they found the plaintiff had proved all of the allegations of his petition, enumerating and describing them, by a preponderance of the evidence, their verdict should be for the plaintiff. In this there was no error.

Finally, it appears from a careful examination of the whole record that the case was fairly tried, that the evidence is sufficient to sustain the verdict, and, no error appearing in the record, the judgment of the district court is

AFFIRMED.